869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. CHAPMAN, Petitioner-Appellant,
v.
WARDEN, FEDERAL CORRECTIONAL INSTITUTE, MEMPHIS; United
States Parole Commission, Respondents-Appellees.
 No. 88-5661.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se petitioner, a federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chapman was convicted by a jury of bank robbery and was sentenced to twenty years imprisonment. Upon parole review, he was given a total salient factor score of five, suggesting a guideline range of forty-eight to sixty months with a recommendation of service of eighty months. In his habeas petition, petitioner alleged that his parole determination was improper because the Parole Commission in setting parole eligibility considered prior juvenile offenses, contained in his presentence investigation report (PSI), which the sentencing judge expressly refused to consider. The magistrate recommended the petition be dismissed finding that the Parole Commission acted within its authority. The district court, upon de novo review, affirmed the magistrate's report over petitioner's timely objections.
 
 
 3
 Upon review, we conclude the Parole Commission acted well within its statutory authority by considering petitioner's juvenile offenses. It is required, by statute, that the Parole Commission consider all relevant information concerning the prisoner including his PSI. See 18 U.S.C. Sec. 4207(3); 28 C.F.R. Sec. 2.19(a)(3). This is so regardless of whether the information relied upon was expressly rejected by the sentencing court. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 131 (6th Cir.1987) (per curiam); Ochoa v. United States, 819 F.2d 366, 372 (2d Cir.1987). We further conclude that Fed.R.Crim.P. 32(c)(3)(D) was not violated because the sentencing court did not rely on any factual inaccuracies in the PSI. Moreover, Rule 32 is not applicable to the Parole Commission. See Ochoa, 819 F.2d at 372.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.